UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID E. LEWIS, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF KENT, a Washington municipality; Kent Police Officer ELI MORRIS; Kent Police Officer ERIC TUNG; Kent Police Officer ELIOT HALE; and Former Kent Police Officer RICHIE PLUNKETT,<br><br>Defendants. | No.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>**JURY TRIAL REQUESTED** |

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page i

**ATTORNEY WEST SEATTLE, P.S.**
5400 California Ave. SW, Ste E
Seattle, Washington 98136
(206) 745 3738

**SHISHIDO TAREN PLLC**
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
(206) 684-9320

## I.      INTRODUCTION

1. This action arises from excessive force used on Plaintiff David E. Lewis, Jr. ("Plaintiff") a 56-year old man, by Kent Police Officers Eli Morris, Eric Tung, Richie Plunkett and Eliot Hale ("Kent Police Officers"), in Kent, Washington on or about February 17 to February 18, 2016. The officers' acted at all times under color of law during the arrest of Mr. Lewis which constituted excessive force, in violation of the Fourth Amendment of the U.S. Constitution, by each of the Defendants, actionable pursuant to 42 U.S.C. § 1983, and caused Plaintiff substantial and ongoing injuries, by among other things, releasing an attack K-9 on him, beating him with their fists, knees, and a flashlight, and sending him to the emergency room in an ambulance with severe dog bites.

## II.     JURISDICTION, VENUE AND PARTIES

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), in that this Complaint alleges claims that comprise a federal question, and is brought to redress deprivation, under color of law, of rights secured by the Constitution of the United States.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the jurisdiction of the U.S. District Court for the Western District of Washington at Seattle.

4. Plaintiff David E. Lewis resides in the State of Washington.

5. Defendant City of Kent ("City") is a municipal corporation, duly organized and existing under the laws of the State of Washington.

6. Defendant Eli Morris was at all relevant times a police officer for the City of Kent, and he committed the acts complained of herein while acting in the scope and course of his official duties as a police officer. He is sued in both his individual and official capacity.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1

ATTORNEY WEST SEATTLE, P.S.
5400 California Ave. SW, Ste E
Seattle, Washington 98136
(206) 745 3738

SHISHIDO TAREN PLLC
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
(206) 684-9320

7. Defendant Eric Tung was at all relevant times a police officer for the City of Kent, and he committed the acts complained of herein while acting in the scope and course of his official duties as a police officer. He is sued in both his individual and official capacity.

8. Defendant Richie Plunkett was at all relevant times a police officer for the City of Kent, and he committed the acts complained of herein while acting in the scope and course of his official duties as a police officer. He is sued in both his individual and official capacity.

9. Defendant Eliot Hale was at all relevant times a police officer for the City of Kent, and he committed the acts complained of herein while acting in the scope and course of his official duties as a police officer. He is sued in both his individual and official capacity.

10. At all relevant times, Defendant City of Kent was the employer of individual Defendants Eli Morris, Eric Tung, Richie Plunkett and Eliot Hale, who were acting within the scope and course of their official duties as police officers.

### III. FACTUAL ALLEGATIONS

11. On the morning of February 18, 2016, David Lewis was walking near 25800 Pacific Highway South in Kent, Washington.

12. Suddenly, at around 1:47am, Mr. Lewis was alerted to the presence of Kent Police, when a police vehicle cut him off.

13. The marked police cruiser that stopped Plaintiff was driven by Kent Police Officer Eli Morris, No. 8199854.

14. Officer Morris pulled his vehicle in front of Plaintiff, cutting off his path and preventing him from continuing forward on his route, and Plaintiff stopped walking.

15. Officer Morris yelled at Plaintiff that he "had a warrant," but did not otherwise reveal what the warrant was for. The warrant was a misdemeanor warrant.

16. Plaintiff immediately responded to Officer Morris and asked what the warrant was for.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2

ATTORNEY WEST SEATTLE, P.S.
5400 California Ave. SW, Ste E
Seattle, Washington 98136
(206) 745 3738

SHISHIDO TAREN PLLC
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
(206) 684-9320

17. Officer Morris did not respond to Plaintiff's question, but instead exited his vehicle while drawing his Taser weapon and pointing it at Plaintiff, stating again that Plaintiff had a warrant.

18. At or around the same time as Officer Morris was exiting his vehicle, Officer Eric Tung and K-9 Officer Kato arrived on scene.

19. Officer Tung arrived at the scene only moments after Officer Morris and positioned his marked police vehicle near Plaintiff, effectively blocking him in further.

20. Officer Tung arrived nearly at the same time as a third police vehicle which approached from behind Plaintiff and boxed Plaintiff in to an area secured now by three vehicles and no less than three police officers and a K-9 officer.

21. Plaintiff was surrounded by Kent Police Officers Eli Morris, Eric Tung, Richie Plunkett and Eliot Hale.

22. Plaintiff Lewis did not exhibit any signs of aggression or resistance, and his hands were visible at all times.

23. He had an empty plastic laundry detergent jug in one hand, and a cell phone in the other.

24. Tung unreasonably released the dog and directed Kato to attack Plaintiff.

25. At Tung's direction Kato charged Plaintiff who attempted to avoid this unlawful use of force and attempted to protect his legs from being bit, by placing the empty plastic laundry detergent jug in-between himself and the K-9 unit and took only a few steps backward to protect himself.

26. The unnecessary and unexpected use of the K-9 startled Plaintiff, who was terrified by being attacked by the powerful animal.

27. These few steps prompted an immediate reaction from Officers Morris, Tung, and Plunkett to charge and also attack Mr. Lewis.

28. Officer Morris shot Plaintiff in the leg with his Taser.

PLAINTIFF'S COMPLAINT
FOR DAMAGES
Page 3

ATTORNEY WEST SEATTLE, P.S.
5400 California Ave. SW, Ste E
Seattle, Washington 98136
(206) 745 3738

SHISHIDO TAREN PLLC
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
(206) 684-9320

29. Officer Tung grabbed his SL-20, 13inch, nearly two-pound, metal flashlight and beat Mr. Lewis in the back and head. Officer Tung hit Plaintiff at least three times, including while Plaintiff was on the ground covered by Officers Morris and Plunkett, and while Kato was biting and ripping Mr. Lewis' leg at his direction.

30. At the same time, Officer Plunkett charged Plaintiff, tackling him from behind, and along with Officer Morris drove Plaintiff's head into the pavement causing serious injury to his face and teeth including profuse bleeding from his mouth.

31. While on the ground, Officer Morris, Tung, and Plunkett continued to beat Mr. Lewis and wrench at his arms and Officer Plunkett put Mr. Lewis in a gooseneck wrist lock causing him serious pain in his arm, in addition to the bloody face, and tear and puncture wounds being inflicted by Kato.

32. Officer Plunket also repeatedly kneed Mr. Lewis in the ribs while on top of him.

33. The knee strikes from Plunkett occurred while Mr. Lewis was being beaten by Officers Morris and Tung, and while he was being bitten by Kato.

34. Plunkett received a "very deep" puncture wound to his leg from Kato during this episode, which he reported. However, Plunket did not mention the severity of Mr. Lewis' injuries in his report either.

35. Despite the fact that Kent Police Officers were on top of Mr. Lewis, who was face down on the ground, Officer Tung directed the K-9 attack dog, uncontrolled by leash or other means, to tear into Mr. Lewis' flesh repeatedly, causing serious and permanent injuries and risking Mr. Lewis' life, should the dog rupture an artery in his leg.

36. Kato, at the direction of Officer Tung, did what he was trained to do and bit into Mr. Lewis no less than four times.

37. This was excessive use of force by the police, which caused Mr. Lewis substantial and ongoing damages. Kato's attack on Mr. Lewis tore deep lacerations into his

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 4

ATTORNEY WEST SEATTLE, P.S.
5400 California Ave. SW, Ste E
Seattle, Washington 98136
(206) 745 3738

SHISHIDO TAREN PLLC
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
(206) 684-9320

left leg, including lacerations of 11 cm (4 and ⅓ inches), 7 cm (2 and ¾ inches), 5 cm (~2inches) and 3 cm (1 and ⅕ inches), puncture wounds, among other injuries.

38. Kato was so out-of-control that at one point in its frenzy, while biting Mr. Lewis it actually bit into the leg of Officer Plunkett, who was on top of Mr. Lewis beating him.

39. Defendants, without provocation or cause, unreasonably used severe, dangerous, and potentially deadly force, including releasing the K-9 unit, to attack Plaintiff within moments of their arrival.

40. There was absolutely no need or cause to use such force, as Plaintiff was surrounded and was being held in the sights of Officer Morris' Taser.

41. The damage that Kato did to Mr. Lewis was serious and required immediate medical attention.

42. Officers were forced to call for an ambulance to take Mr. Lewis directly to the hospital.

43. Mr. Lewis was bleeding profusely from the large gashes in his legs caused by the numerous and uncontrolled bites, as well as from his mouth from being tackled from behind by officers.

44. Mr. Lewis continues to suffer pain and emotional distress from this experience.

45. Defendants were aware of Kato's history of excessive force.

46. Kent Police Officers, including Officer Hale, also held Plaintiff Lewis down before and/or during the dog attack, and, with unreasonable force, intentionally drove his head onto the ground, causing injury to his teeth, including bleeding.

47. Following Mr. Lewis' arrest, Officer Tung ignored the serious injuries he caused to Mr. Lewis, including by means of Kato, and reported that Mr. Lewis only needed some "stiches" and to have his leg "wrapped in a bandage."

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 5

ATTORNEY WEST SEATTLE, P.S.
5400 California Ave. SW, Ste E
Seattle, Washington 98136
(206) 745 3738

SHISHIDO TAREN PLLC
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
(206) 684-9320

48. Officer Morris, who travelled behind Mr. Lewis's ambulance to the hospital with him, reported that Mr. Lewis merely had, "Apparent Minor Injuries," and Morris otherwise omitted any reference to Mr. Lewis' gruesome dog bites.

49. When Plaintiff entered the emergency department at UW Medicine Valley Medical Center (Renton) after the incident, he was suffering acute pain rated 9 on a scale of 1-10, and extreme psychological distress.

50. He continues to suffer physical and emotional distress from the attack.

## IV.   STATEMENT OF CLAIMS

51. The preceding paragraphs 1 through 50 are re-alleged and hereby incorporated by reference.

52. Plaintiff was brutalized by officers of the Kent Police Department when arresting based on a non-violent warrant. Mr. Lewis was, at all times, responsive and compliant with officers, but was attacked almost immediately after he was contacted.

### FIRST CAUSE OF ACTION
### Violation of Civil Rights under 42 U.S.C. § 1983
### Use of Excessive Force

53. The use of force by each of the Defendants acting under color of law in apprehending Plaintiff, including brutalizing Plaintiff and deploying a dangerous K-9 unit, was unreasonable and excessive under the prevailing circumstances and thus violated Plaintiff's right not to be subjected to unreasonable seizure, guaranteed by the Fourth Amendment of the United States Constitution.

54. Among other things, Defendants violated use of force protocols and unnecessarily and unlawfully used severe or deadly force of a dangerous K-9 unit, Kato, against Plaintiff.

### SECOND CAUSE OF ACTION
### State Law Claim of Negligence

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 6

ATTORNEY WEST SEATTLE, P.S.
5400 California Ave. SW, Ste E
Seattle, Washington 98136
(206) 745 3738

SHISHIDO TAREN PLLC
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
(206) 684-9320

55. By virtue of the facts set forth above, the individual Kent Police Officers are liable to Plaintiff for compensatory damages for the tort of negligence.

### THIRD CAUSE OF ACTION
### State Law Claim of Outrage

56. By virtue of the facts set forth above, the individual Kent Police Officers are liable to Plaintiff for compensatory damages for the tort of outrage.

### FOURTH CAUSE OF ACTION
### Respondeat Superior Liability

57. By virtue of the facts set forth above, Defendant City of Kent is liable to Plaintiff under state law for all damages proximately resulting from acts and/or omissions by the individual Kent Police Officers.

### FIFTH CAUSE OF ACTION
### AGAINST CITY OF KENT
### Negligent Retention

58. By virtue of the facts set forth above, Defendant City of Kent negligently retained Officer Eric Tung as a K-9 Officer employee.  At the time of the above incident, Tung was incompetent or unfit to be a police officer in charge of a K-9.  Defendant City of Kent had knowledge of Tung's unfitness and/or failed to exercise reasonable care to discover his unfitness.  Plaintiff was injured as a proximate result of Tung's negligent retention.

### V.   TORT CLAIM

59. On December 20, 2018, Plaintiff submitted a tort claim for damages for his injuries to the City of Kent, and no response has been received from Defendant.

### VI.   RESERVATION OF RIGHTS

60. Plaintiff reserves the right to add, revise, or withdraw any claims, or add additional parties during the course of the litigation as information is obtained through litigation.

### VII.   PRAYER FOR RELIEF

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 7

ATTORNEY WEST SEATTLE, P.S.
5400 California Ave. SW, Ste E
Seattle, Washington 98136
(206) 745 3738

SHISHIDO TAREN PLLC
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
(206) 684-9320

WHEREFORE, Plaintiff Lewis respectfully requests relief as follows:

A.     Compensatory damages;

B.     Punitive damages from the individual Defendants on Plaintiffs' claims under 42 U.S.C. § 1983;

C.     Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law; and

D.     Such other relief as may be just and equitable.

DATED this 15th day of February, 2019.

| ATTORNEY WEST SEATTLE, P.S. | SHISHIDO TAREN PLLC |
|---|---|
| By: s/ Eric Harrison<br>Eric Harrison, WSBA No. 46129<br>5400 California Ave. SW, Ste E<br>Seattle, Washington 98136<br>(206) 745-3738<br>Eric@attorneywestseattle.com<br>Attorney for Plaintiff | By: s/ Jordan A. Taren<br><br>By: s/ Robin J. Shishido<br>Robin J. Shishido, WSBA No. 45926<br>Jordan Taren, WSBA No. 50066<br>1001 Fourth Avenue, Suite 3200<br>Seattle, WA 98154<br>Telephone: (206) 486-2069<br>Email: rshishido@shishidotaren.com<br>         jtaren@shishidotaren.com<br>Attorneys for Plaintiff |

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 8

**ATTORNEY WEST SEATTLE, P.S.**
5400 California Ave. SW, Ste E
Seattle, Washington 98136
(206) 745 3738

**SHISHIDO TAREN PLLC**
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
(206) 684-9320